IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VICTOR LAMAR BEATTY, #1220276 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv257 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Victor Lamar Beatty, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Petitioner is confined in the Texas prison system pursuant to a Forgery conviction out of Cherokee County and a Tampering With or Fabricating Physical Evidence conviction out of Kleberg County. He was sentenced to five years imprisonment in both cases in 2003. He was released on parole on January 12, 2005. His parole was revoked on August 7, 2006.

The present petition was filed on June 4, 2007. The Petitioner argued that he is entitled to federal habeas corpus relief because he was denied due process in conjunction with the revocation of his parole. On July 12, 2007, the Director filed a motion to dismiss the petition for failure to exhaust state habeas corpus remedies. It is noted that the Petitioner specified in response to question ten in the § 2254 form that he had not filed any other petitions, applications or motions concerning his conviction in any court, state or federal. The Petitioner did not file a response to the motion to dismiss.

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). In order to exhaust properly, he must

"fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). The exhaustion requirement applies to habeas petitions challenging parole revocation proceedings. *Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998). The Petitioner did not exhaust his state habeas corpus remedies. The Texas Court of Criminal Appeals has not had the opportunity to consider his grounds of relief, thus the petition should be dismissed for failure to exhaust.

The Court notes that a Report and Recommendation was issued on August 7, 2007, to dismiss the petition for the reasons previously discussed. The parties subsequently consented to the case being transferred to the undersigned pursuant to 28 U.S.C. § 636(c). Since no objections have been filed, the Report and Recommendation has been adopted into the present Memorandum Opinion. It is accordingly

**ORDERED** that the above-styled petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state habeas corpus remedies. All motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this  5   day of **September, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE